## WALL *v.* EASTMAN.

Where the moderator of a school district refused to sign a warrant to a rate bill for teacher's wages, and a judgment was afterwards recovered by the teacher against the district for the amount due him, which was paid by a tax on the district, a tax-payer, who was assessed and had paid his part of the tax, cannot sustain an action against the moderator to recover what he had paid.

CASE reserved from Jackson Circuit Court. Eastman sued Wall in a justice's court, in an action on the case, to recover eight dollars tax, which he as resident of a school district had been compelled to pay, by reason of Wall's refusal, as moderator of the district, to sign a warrant to the rate bill for teacher's wages. The substance of the declaration, which was demurred to, is stated in the opinion of the court. The justice rendered judgment for Eastman, and Wall appealed to the county court, which also gave judgment against him, when he carried the case to the circuit court by certiorari.

*Johnson,* for plaintiff in error.

*Frink,* for defendant in error.

*By the court,* GREEN, J. The question reserved in this case, is, whether the declaration contains a cause of action in favor of the plaintiff below, against the defendant below. The declaration sets forth, in substance, that in February, 1847, Wall, the defendant below, was director of school district No. 7, in Sandstone, Jackson county; that a teacher was hired, who taught the school in that district, and made out a rate bill for wages due him, and requested Wall to issue his warrant, as director, for the collection thereof, which Wall refused to do; and

that thereupon the teacher sued the district and recovered a judgment for the wages so due him, the amount of which judgment was levied upon the taxable property within the district, and collected; that the plaintiff below was a resident of the district, and owned taxable property therein, and that by reason of the premises he was compelled to pay, and did pay, a portion of said judgment, to wit: the sum of eight dollars thereof, which sum he claims to recover of the defendant below.

To this declaration the defendant below demurred, and assigned several special causes of demurrer, all of which, however, embrace but one proposition in substance, namely, that the declaration does not contain a cause of action.

The counsel for the plaintiff below referred to 5 John. R. 175; and 15 *id.* 250; and these are the only adjudged cases cited on either side. The question involved in the case in 5 John. R., referred to, was, whether the imposition of a penalty for official misconduct or neglect of duty, took away the right of action for damages. The law relating to primary schools, and the duties and liabilities of school district officers, in force when the cause of action in this case, if any, arose, was the act of 1843, Sess. L. 1843, p. 88. By the seventy-first section of that act, a penalty of ten dollars was imposed upon every person who, having been elected to the office of moderator, director or assessor of a school district, and having entered upon the duties of his office, should neglect or refuse to perform any duty required of him by virtue of his office. Section 77 provides, that in all cases not otherwise provided for in that act, in which a duty shall be enjoined upon any person, officer, or board of officers, such person, officer or board, as the case may be, shall be liable to any party aggrieved, in the full amount of all damages sustained by the wilful neglect or unfaithful performance of such duty. This last provision introduces no · new principle, but is in affirmance of the common law, and seems to have been incorporated into the statute by the legislature, for the purpose of precluding any conclusion to the contrary, which might otherwise be supposed to arise from other provisions of the statute.

In the case of Bartlett *v.* Crozier, 15 John. R. 254, Mr. Justice Spencer says: " It is a general principle of law, that wherever an individual has sustained an injury by the misfeasance or nonfeasance of an officer,

who acts, or omits to act, contrary to his duty, the law affords redress · by an action on the case, adapted to the injury." Of the correctness of this doctrine there can be no doubt; and that it is applicable to officers of school districts under the law of 1843, as well as to other officers, scarcely admits of question.

The case of Bartlett v. Crozier, was an action for damages resulting from the omission of the defendant, as overseer of highways, to repair a bridge within his district, by reason of which plaintiff's mare fell through the same, and broke her leg, &c.; and the supreme court of the state of New York held that this principle applied in that case, and that the plaintiff was entitled to recover his damages. The defendant removed the case to the court for the correction of errors, where the judgment of the supreme court was reversed—not because the general principle laid down by Mr. Justice Spencer was unsound, but because, in the opinion of the court of errors, which was unanimous, it did not apply to that case. See 17 John. R. 439.

The case of Bartlett v. Crozier, differs very essentially from this. In that case the broad question was presented, whether any action could be sustained against the overseer for the injury complained of? In this case the question is, whether the *plaintiff* below can sustain his action? and not, whether *any action* could be sustained against the defendant below, for the damages resulting from the omission of the official duty complained of.

. By the second subdivision of section 21 of the act before referred to, it is made the duty of the director, by and with the advice and consent of the moderator or assessor, to contract with and hire qualified teachers *for the district;* which contract is required to be in writing, and to specify the wages per week or month, as agreed by the parties. To this contract the district, in its corporate capacity, is a necessary party, and in that capacity it is bound to perform it: and in case of a failure to do so, is liable in damages to the teacher for its non-performance. The district, in its corporate capacity, receives the moneys apportioned to it from the primary school fund, or derived from other sources, for the payment of teachers; and if more is required for that purpose, it is to be collected from those sending children to the school, in proportion to the number of scholars, and the time they attend. For this purpose, the teacher is to note the daily attendance of each scholar, and make a

return of the same to the director. The director is then to ascertain the amount due from each person sending children to the school, and to make out a rate bill, and annex thereto a warrant for the collection thereof, to be signed by him and the moderator.

This warrant is to be directed to the district assessor, who is required to collect all rate bills of the district made and delivered to him in accordance with the seventh subdivision of section 21 of the act aforesaid, in obedience to the command of the warrants annexed to such rate bills, and to make a written return of the same to the director. When such moneys have been collected by the assessor, they are school moneys belonging to the district, and the assessor and his sureties are liable therefor, if not applied by him according to law, upon the bond which he is required to give to the district; and they are to be drawn by an order of the moderator upon the assessor, as moneys to be disbursed by the district, according to section 19 of the act aforesaid. If the moneys so required to be collected, had been lost to the district, by reason of the defalcation of the assessor, after they came into his hands, there can be no question but that the district, in its corporate capacity, might have recovered the amount in an action upon the assessor's bond; and it is equally clear that the members of the corporation could not, in such a case, have sustained actions in their individual names, for their respective portions of the loss.

The converse of the last proposition would be a most palpable violation of that wise maxim, which declares that the law abhors a multiplicity of actions, and which forbids an individual to bring separate actions upon different items of the same account.

How does the case before us differ in principle from the one just supposed, of a loss sustained by the defalcation of the assessor? In that case the loss would fall upon the district in the first instance, in its corporate capacity, and indirectly upon the owners of taxable property within the district. And so in this case. By reason of the refusal of the defendant below to issue his warrant for the collection of the rate bill, the district lost the amount which should have been collected from the individuals sending pupils to the district school, for the payment of the teacher; and was obliged to collect, by a tax upon the property within the district, the amount required; in consequence of which the plaintiff below, being an inhabitant of the district, owning taxable pro-

perty therein, was compelled to pay a tax of eight dollars, for the recovery of which this suit is brought. If any right of action accrued, it was in favor of the corporation of which the plaintiff below was a member, and not to him individually. If the plaintiff below could sustain this action, every person who paid any portion of the judgment in favor of the teacher against the district, might also sustain a separate action for the amount paid by him; and upon the same principle, in case of the default of a county treasurer, every individual in the county who should be compelled to pay a tax to make good the fund lost, might also maintain a separate action against the treasurer for the amount paid by him. No such principle, it is believed, has ever been sanctioned or recognized by any judicial tribunal whose decisions have been reported in the books.

The result to which the foregoing conclusions lead, does not deprive the plaintiff below of a full and adequate remedy for the injury he complains of. If the defendant below has made himself liable, by the omission of official duty charged in the declaration in this case, a recovery against him by the district will not only make the plaintiff below good, but all the other members of the district who suffered a like injury from the same cause. As the injury to the plaintiff below has been indirect, and sustained by him in common with the other members of the corporation as such, so must be his remedy.

It must therefore be certified to the circuit court for the county of Jackson, as the opinion of this court, that the declaration does not contain a cause of action in favor of the plaintiff below, against the defendant below.

*Certified accordingly.*